Filed 8/12/22  P. v. Ledesma CA2/2
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B316186 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA431224) |
| v. | |
| JONATHAN LEDESMA, | |
| Defendant and Appellant. | |

THE COURT:

Jonathan Ledesma appeals the judgment entered following the superior court's determination that he had violated the terms of his plea agreement.  We appointed counsel to represent Ledesma on appeal.  After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record.  Ledesma did not file a supplemental brief on his own behalf in propria persona.

# BACKGROUND

*The charges*

Appellant and his codefendant, Glenn Ledesma, were charged by information filed November 28, 2018, with two counts of insurance fraud—submitting a false or fraudulent insurance claim (Pen. Code,[1] § 550, subd. (a)(1); counts 2 & 4). Appellant was also charged in count 5 with one count of insurance fraud—failure to disclose information affecting a person's entitlement to an insurance benefit and payment (§ 550, subd. (b)(3)). The information further alleged that the offenses set forth in counts 2 and 4 constituted a pattern of related felony conduct that involved the taking of more than $500,000 (§ 186.11, subd. (a)(2)) and resulted in a loss to the victim in excess of $1,300,000 (§ 12022.6, subd. (a)(3)).

On July 1, 2019, the information was amended to include the section 186.11, subdivision (a)(2) allegation as to count 5. Appellant entered a plea of no contest to count 5 and admitted the special allegation pursuant to section 186.11, subdivision (a)(2). Pursuant to the plea agreement, the matter was continued for probation and sentencing to April 1, 2020.

*The plea agreement*

Under the terms of the written plea agreement, appellant agreed to "pay restitution to the victims, Unum Life and Guardian Life Insurance, in the amount of $1,616,319.50, with credit for any amount already paid." Of that sum, appellant was jointly and severally liable for $1,087,317.00 and solely liable for $529,002.50. Appellant further agreed to "release the waiver of premium rider from life insurance policy #5916321 as specified in

---

[1] Undesignated statutory references are to the Penal Code.

2

the General Release and Policy Surrender Agreement provided by Guardian Life Insurance Company," with proof of the release to be filed with the court by July 10,[2] 2019. The plea agreement specified that if appellant did not provide proof of the release to the court by the agreed date, and had also not paid the full amount of restitution owed, he would be sentenced to state prison for five years, consisting of the low term of two years on count 5 (§ 550, subd. (b)(3)), plus three years on the section 186.11, subdivision (a)(2) allegation.

According to the plea agreement, the probation and sentencing hearing was scheduled to take place on April 1, 2020. By the date of that hearing, if appellant had paid the full restitution amount of $1,616,319.50 to the victims and had filed proof of the release with the court, appellant would be permitted to withdraw his admission to the section 186.11, subdivision (a)(2) allegation and the People would dismiss any remaining counts and strike all allegations. Appellant would be sentenced to the high term on count 5 (a felony violation of section 550, subdivision (b)(3)) for a five-year split sentence and placed on two years of electronic monitoring, followed by three years of supervised release.

The plea agreement further provided that if, at the time of sentencing, appellant had failed to pay the full restitution of $1,616,319.50 to the victims, the court would impose the low term of two years on count 5, plus three years for the section 186.11,

---

[2] Although not reflected in the written plea agreement before us, the parties agreed on the record to require filing of the release by July 17, 2019.

subdivision (a)(2) allegation, for a total term of five years in state prison.

*The August 9, 2019 proceedings*

The parties returned to court on August 9, 2019, after appellant and his codefendant failed to file proof of the signed release of the waiver of premium rider by July 17, 2019, as required under the terms of the plea agreement. At the August 9 proceeding, the People provided to the trial court a copy of the original release defendants had been given to sign as well as a copy of the release containing multiple material alterations, which the defendants had signed on July 31, 2019. The People also presented evidence that on July 1, 2019, after pleading no contest to insurance fraud and signing the written plea agreement, appellant requested a cash withdrawal against the Guardian life insurance policy in the amount of $29,000.

Although the trial court determined the defendants had violated the plea agreement, it allowed them to execute a "General Release and Policy Surrender" in lieu of the release specified in the agreement in satisfaction of that obligation under the plea agreement. The court ordered the parties back for sentencing on April 1, 2020, per the plea agreement.

*The sentencing hearing*

On March 20, 2020, the trial court suspended the April 1, 2020 sentencing hearing due to the Covid-19 pandemic, the Governor's declared state of emergency, and the general order of the presiding judge. The court ordered a bench warrant issued and held to June 16, 2020, as to both defendants. Neither defendant appeared in court on June 16, 2020, and neither had paid any of the restitution due under the plea agreement. The court scheduled the next hearing for July 8, 2020, issued a no-bail

4

bench warrant for appellant, and issued and held a bench warrant for Glenn Ledesma.

Appellant was eventually arrested on the bench warrant and his sentencing hearing proceeded on September 14, 2021. The People informed the court that no restitution payments had been made. The trial court heard and denied defense counsel's oral motions to vacate appellant's plea and for a change of venue, and sentenced appellant in accordance with the plea agreement to a total term of five years in state prison. The court further ordered appellant to pay restitution as specified in the plea agreement pursuant to section 1202.4, subdivision (f).

Appellant did not obtain a certificate of probable cause, but appealed based on the sentence or other matters which occurred after the plea that did not affect its validity.

## DISCUSSION

Based on our examination of the entire record we are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.       ASHMANN-GERST, J.       CHAVEZ, J.

5